**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDDIEL ACOSTA DIAZ DE LA SERNA, | Case No. 2:26-cv-00238-APG-DJA |
| Petitioner | **Order Granting, in Part, Motions for Extension of Time** |
| v. | [ECF Nos. 16, 18] |
| PAMELA BONDI, et al., | |
| Respondents. | |

The respondents have filed two motions for extensions of time to respond to the petitioner's amended petition.  The first motion sought an extension until March 30, 2026, which the petitioner opposed.  That deadline has now passed, and the respondents now ask for an extension until May 1, 2026. ECF No. 18.  The respondents argue that this second extension is needed because the petitioner was recently granted withholding of removal, but either side may appeal that decision, which could render the petition moot. *Id.* at 1.  The respondents also argue that their counsel, the local United States Attorney's Office, is understaffed and unable to keep up with its immigration habeas workload. *Id*. at 2.

While I am sympathetic to the plight of counsel, the respondents' aggressive campaign to detain immigrants cannot serve as a basis to deny those detainees their constitutional and statutory rights.  The Ninth Circuit has emphasized the need for district courts to address habeas petitions quickly:

> The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application. . . . Special solicitude is required because the writ is intended to be a swift and imperative remedy in all cases of illegal restraint or confinement. . . . Accordingly, the statute itself directs courts to give petitions for

habeas corpus special, preferential consideration to insure expeditious hearing and determination.

*Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (simplified).  The response to the amended petition is already four weeks overdue.  If the amended petition is rendered moot, that does no disservice to the petitioner.  But granting another four-week extension would force the petitioner to remain detained, potentially illegally, which would be a significant disservice to him.

I will grant the respondents a short extension to file their response, but not the additional month they seek.  Presumably, the respondents had sufficient information about the petitioner to participate in his March 18, 2026 immigration hearing. ECF No. 16 at 1.  They should have already provided that information to their counsel; if not, they should do so immediately, so he can prepare a response.

I THEREFORE ORDER that the respondents' motions for extension of time (ECF Nos. 16, 18) are granted in part.  The respondents' response to the second amended petition is due by **April 6, 2026**.

Dated: March 31, 2026

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

2