# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

EDDIEL ACOSTA DIAZ LA SERNA,

    Petitioner

v.

TODD BLANCHE, et al.,[1]

    Respondents

Case No.: 2:26-cv-00238-APG-DJA

**Order Denying Without Prejudice the Requested Relief of Release or a Bond Hearing**

[ECF No. 12]

Petitioner Eddiel Acosta Diaz La Serna filed this petition for writ of habeas corpus challenging his continued detention by Immigration and Customs Enforcement (ICE). He is a citizen of Cuba who arrived in the United States in November 2024 and applied for admission. ECF Nos. 13-1 at 2; 20-1 at 7. He was served with a notice to appear as an arriving inadmissible alien and given humanitarian parole into the United States with an "Admit Until Date" of November 6, 2026. ECF Nos. 13-1 at 2; 13-4 at 2. In December 2024, an immigration judge (IJ) granted La Serna's unopposed motion to terminate his removal proceedings. ECF No. 13-2 at 2. According to the petition, La Serna obtained employment authorization and a social security number, secured employment operating heavy machinery in a mining operation, and resided with his mother, who is a lawful resident. ECF No. 12 at 5.

On some unknown date, his "Admit Until Date" was changed to April 18, 2025. ECF No. 13-3 at 2. La Serna asserted that he never received notice and an opportunity to be heard on this change. The government presented no evidence or argument that La Serna was given notice and an opportunity to be heard. I previously concluded this violated due process and the

---

[1] Acting Attorney General Todd Blanche is substituted for Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted for Kristi Noem. Fed. R. Civ. P. 25(d).

Administrative Procedure Act (APA), so I granted his petition in part and reinstated the November 2026 parole end date. ECF No. 22 at 6.  I also stated that the "reinstatement is without prejudice to the government changing the date after complying with any applicable constitutional, statutory, and regulatory requirements." *Id.*  Because La Serna was in removal proceedings through which he obtained withholding of removal, I ordered the parties to submit supplemental briefs regarding the status of his removal proceedings and how those may impact the authority under which La Serna was detained, as well as the appropriate relief to address the due process and APA violations. *Id.* at 6-7.

Neither party appealed the IJ's decision that La Serna was removable to Cuba and granting him withholding of removal. ECF Nos. 23 at 1; 24 at 1-2.  The government asserts this means that La Serna's removal order is final, so his detention is governed by 8 U.S.C. § 1231, which requires detention during the initial 90-day removal period.  The government asserts that although it cannot remove La Serna to Cuba, it can remove him to a third country, so he should remain in custody during the removal period.  The government contends that because La Serna's habeas corpus petition was aimed at his detention during his removal proceedings, and those proceedings have concluded, the petition is moot.  It also asserts that he has no avenue for release during the removal period unless and until he is subjected to prolonged detention, at which point he can proceed under the framework in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Additionally, the government asserts that La Serna has not requested a custody redetermination before an IJ.

La Serna agrees that the removal order is now final.  But he contends that because I reinstated his humanitarian parole "Admit Until Date" to November 2026, his parole has been restored, and he should be released until the government complies with the sequential

2

requirements of first revoking parole and then executing a removal order. La Serna argues that the proper remedy for the government violating his due process rights is to return to the status quo before that violation, which was release under the conditions of humanitarian parole. He contends that a bond hearing would not adequately vindicate his rights because, contrary to the government's representation, he already requested a custody determination before the IJ, which the IJ denied based on an asserted lack of jurisdiction to consider that request. La Serna also requests leave to amend his petition to address his ongoing detention and any proposed third-country removal.

I am inclined to rule that La Serna is properly detained under § 1231(a) because his removal proceedings are final and he is in the 90-day removal period that mandates detention. 8 U.S.C. §§ 1231(a)(1)(A), (a)(1)(B)(i), (2)(A). Although the change in La Serna's "Admit Until Date" was done in violation of due process and the APA, it does not appear from the record that this change is the reason he is in custody. Rather, in November 2025, La Serna pleaded guilty to attempted battery with substantial bodily harm (a felony) and battery constituting domestic violence (a misdemeanor). ECF No. 13-5 at 2. On November 21, 2025, the Department of Homeland Security (DHS) took Diaz into custody and, importantly, issued a second notice to appear. ECF No. 20-1 at 2-3, 7. Under 8 C.F.R. § 212.5(e)(2)(i), "[w]hen a charging document is served on the alien, the charging document will constitute written notice of termination of parole, unless otherwise specified. Any further inspection or hearing shall be conducted under section 235 or 240 of the Act and this chapter, or any order of exclusion, deportation, or removal previously entered shall be executed." Although this regulation does not define what constitutes a charging document, other regulations define it to include a notice to appear. *See* 8 C.F.R. § 1003.13 ("Charging document means the written instrument which initiates a proceeding

3

before an Immigration Judge. . . . For proceedings initiated after April 1, 1997, these documents include a Notice to Appear . . . ."); 8 C.F.R. § 244.1 (same). Courts have held that service of the notice to appear constitutes written termination of parole under § 212.5(e)(2)(i). *See, e.g.*, *Gonzales-Gandini v. Holder*, 384 F. App'x 658, 659 (9th Cir. 2010) ("Gonzales was issued a Notice to Appear in 1998, which terminated his advance parole under the express terms of the applicable regulation." (citing 8 C.F.R. § 212.5(e)(2)(i)); *Elbaz v. Ashcroft*, 72 F. App'x 86, 87 (5th Cir. 2003) ("Pursuant to the relevant immigration regulations, the service of the documents charging the grounds for Elbaz's removal terminated Elbaz's parole automatically. 8 C.F.R. § 212.5(e)(2)(i).").[2] I agree.

Thus, although changing La Serna's parole end date without notice and an opportunity to be heard violated his due process rights and the APA, that is not the basis for why his parole ended and he was taken into custody. Rather, he was issued a new charging document (the second notice to appear), and that charging document constituted the written notice of parole termination that was lacking with respect to the changed parole end date. La Serna was then placed into removal proceedings and is now subject to a final order of removal. Accordingly, the due process and APA violations are divorced from the reason that La Serna is currently in custody.

I recognize that the government did not raise this argument, nor did I mention this possibility in my prior order. Thus, although I am inclined to rule that La Serna is properly detained under § 1231(a), I will grant La Serna an opportunity to argue against this result. He

---

[2] *See also Palma v. Arteta*, --- F. Supp. 3d ----, No. 25 CIV. 9340 (JPC), 2026 WL 697015, at *13 (S.D.N.Y. Mar. 12, 2026); *Quintero v. Francis*, No. 25-cv-10107 (MKV), 2026 WL 265921, at *6 (S.D.N.Y. Feb. 2, 2026).

may file another supplemental brief if he has grounds to do so.  If he does not file a supplemental brief on this issue, then this decision will become final without a further order.

Even if he is detained under § 1231, that leaves open the question of whether La Serna should remain in custody or receive a bond hearing.  Section 1231(a)(3) provides for the possibility of release on supervision after the initial 90-day removal period if the noncitizen is not removed.  Similarly, under the parole regulation, "[i]f the exclusion, deportation, or removal order cannot be executed within a reasonable time, the alien shall again be released on parole unless in the opinion of the official listed in paragraph (a) of this section[3] the public interest requires that the alien be continued in custody." 8 C.F.R. § 212.5(e)(2)(i).

As La Serna is still in the initial 90-day removal period, his detention is mandatory.  The fact that he was granted withholding of removal does not preclude the possibility that he could be removed to a third country. *See* 8 U.S.C. § 1231(b); 8 C.F.R. § 208.16(f).  And he has been detained under § 1231 for only a few weeks.  It is premature to conclude on the record before me that there is no significant likelihood of his removal to a third country in the reasonably foreseeable future.  However, I grant La Serna leave to amend his petition if he has grounds to do so.

I THEREFORE ORDER that the remainder of petitioner Eddiel Acosta Diaz La Serna's first amended petition (ECF No. 12) is provisionally DENIED without prejudice to La Serna

---

[3] Subsection (a) states that the "authority of the [DHS] Secretary to continue an alien in custody or grant parole under section 212(d)(5)(A) of the Act shall be exercised by the Assistant Commissioner, Office of Field Operations; Director, Detention and Removal; directors of field operations; port directors; special agents in charge; deputy special agents in charge; associate special agents in charge; assistant special agents in charge; resident agents in charge; field office directors; deputy field office directors; chief patrol agents; district directors for services; and those other officials as may be designated in writing, subject to the parole and detention authority of the Secretary or his designees." *See also* 8 C.F.R. § 1.2 (defining "Secretary" to mean the "Secretary of Homeland Security").

filing a brief of no more than five pages addressing only whether his parole was validly revoked through the second notice to appear.  If La Serna does not file a supplemental brief by May 22, 2026, this order will become final.  If La Serna does file a supplemental brief, the government may file a response of no more than five pages by May 29, 2026.

I FURTHER ORDER that by June 12, 2026, petitioner Eddiel Acosta Diaz La Serna may amend his petition if he has grounds to do so.

DATED this 13th day of May, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE